## Max Mittlacher, Appellee, v. United American Lines, Appellant.

### Gen. No. 28,836.

1. CARRIERS—*construction of contract of carriage of passenger's baggage.* A contract of a common carrier as to its liability for the baggage of a passenger is to be construed most strongly against the carrier.

2. CARRIERS—*liability of carrier as bailee for loss of passenger's baggage.* Where the provisions of the contract limiting the liability of a common carrier by water for the baggage of passengers applied by its terms only after the beginning of the voyage, and defendant's steward took plaintiff's suitcase to the stateroom while plaintiff was waiting to get his passport fixed up and it disappeared before plaintiff went to the cabin, defendant's liability was fixed before the limiting contract came into effect and, having submitted no evidence tending to show any degree of care or diligence, it was liable as bailee for the value of the suitcase.

Appeal by defendant from the Municipal Court of Chicago; the Hon. THOMAS A. GRAHAM, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed June 30, 1924.

KREMER, BRANAND & HAMER, for appellant.

FREDERIC C. ELLIS and JESSE WILCOX, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $331.50 entered upon the finding of the court in a fourth-class action in the municipal court in tort. The amended statement of claim alleged that defendant was a common carrier of passengers for hire; that plaintiff became a passenger to be carried with his baggage on a steamer bound from New York to Hamburg, Germany; that defendant took his baggage into its possession and control and afterwards failed and refused to deliver the same to

plaintiff, claiming that it was lost. The amended affidavit of merits avers that plaintiff became and was a passenger under the terms of a third-class passage contract, which provided that the responsibility of the carrier thereunder was limited to that period only while the passenger and his baggage were on board the steamer, and further that wherever the term "baggage" was used, it should mean only trunks, satchels, bags, and bundles containing clothing and such other articles of personal use as were customary and suitable to the station in life or wants of third-class passengers; that no property of certain kinds described should be carried except under and subject to the terms of a special contract to be obtained from the baggage master, and that if any such articles were shipped by the passenger as baggage in breach of the warranty, no liability therefor should attach to the carrier on account thereof as carrier or bailee, or in any other capacity. Other provisions were to the effect that, in any event, the liability of the carrier should not exceed the sum of $25 unless an additional charge was provided for, and that no suit should be maintained against the carrier for loss or delay or injury to the baggage unless written notice of the claim with full particulars should be delivered to the carrier at its office within five days after termination of the voyage, and unless the suit should be commenced therein within ninety days after such termination. Evidence was offered by the plaintiff, who testified in his own behalf, and this with the contract was the only evidence offered or received. This evidence shows that plaintiff is in the merchant tailoring business in Chicago; that in the summer of 1921 he took a trip abroad and purchased his ticket from the defendant in Chicago; that when he boarded the steamer at New York he had a double leather suitcase and a trunk; that the trunk was turned over to the baggage master and put away in the hold of

the ship with the other baggage; that the suitcase was not delivered to the baggage master but was handed to the steward, it being necessary for plaintiff to wait, as he says, a long time to get his passport fixed up. The steward took the suitcase to the stateroom, but when plaintiff went to the cabin his suitcase was not there. He then went to the head steward and made a report. The head steward said that he guessed the steward made a mistake. Although plaintiff inquired many times for his suitcase he was never able to get it. The defenses interposed by the defendant are based on the provisions of the contract. The plaintiff contends, however (and we think plausibly), that the provisions of the contract applied only after the beginning of the voyage. Indeed, Clause 1 of the contract seems to limit the responsibility of the carrier to the period when passenger and baggage are on board the steamer. It is elementary that a contract of this kind is construed most strongly against the carrier, and irrespective of the provisions of the contract there can be no doubt on common-law principles of defendant's liability as a bailee. It took plaintiff's suitcase before the beginning of the journey and the provisions of the contract therefore did not apply. It failed to return it upon demand, and does not submit any evidence tending to show any degree whatsoever of care or diligence. It was therefore liable as a bailee to plaintiff for the value of the suitcase.

The judgment is affirmed.

*Affirmed.*

McSurely and Johnston, JJ., concur.