## FEDERAL. INS. CO. v. UNITED STATES.
### No. 439.

Circuit Court of Appeals, Second Circuit.
July 11, 1932.

Bailey & Muller, of New York City (Theodore L. Bailey, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (A. M. Menkel, Sp. Asst. to U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The case was heard below upon the pleadings and an agreed statement of facts. It appears that in September, 1927, the United States was the owner of the steamship George Washington, which it operated as a common carrier of passengers between Europe and North America. Mrs. Koch, the passenger to whose rights the libelant is subrogated, purchased from the Paris agent of the respondent a ticket which entitled her and her baggage to transportation on the George Washington from Cherbourg to New York.

At the same time said agent delivered to her a "Baggage Order and Receipt for Baggage Charges." This provided for the collection of two trunks at her hotel in Paris and for their delivery to her cabin on the steamship. Charges for "transfer" and "railway transport" of the trunks were collected from her by said agent, but no charge was made for transport by tender from the dock at Cherbourg to the steamer. When the trunks were delivered at her cabin, the contents of one had been damaged by wetting. The court below found that this occurred either on the tender or while the trunk was being carried from the railway train to the tender. Several hours elapsed between the arrival of the trunks at Cherbourg by railway and their delivery on board the steamer and during this time there was a heavy rainstorm. The wetting was found to be the result of negligence, because no reason was advanced why the trunk had not been protected from the rain, and such negligence was attributed to the respondent because there was no evidence that any one other than the respondent had possession of the trunk while it was on the tender or was being carried from the train to the tender. Accordingly the respondent was held to be liable, but its liability was limited to the sum of $100. The actual damages were stipulated to have been $1,100, and the libelant contends that the decree in its favor should have been entered for the latter sum.

The limitation of damages was based upon clause 5 of the ticket contract, reading as follows:

"5. In the event of the loss of, or damage to * * * the baggage of any passenger carried under this contract, or any part thereof, for which the shipowner may be liable, it is * * * agreed that such liability shall not exceed the sum of Twenty Pounds (£20) * * * unless the passenger before embarkation under this contract shall declare * * * the true value of such baggage * * * and shall pay or offer to pay in advance on the value thereof in excess of Twenty Pounds (£20) at the rate of 1 per cent."

But the libelant contends that this clause applies only to damage occurring while the baggage was on board the steamship. This contention is based on clause 8 of the ticket, which provides:

"8. All responsibility of the shipowner * * * hereunder shall be limited to that period only while the passenger and his baggage are on board the transatlantic ocean

steamship. All other transportation hereunder, including transportation by tender to or from the ocean steamship is included for the passenger's convenience, and will be at the passenger's risk, subject to the ordinary conditions of carriage of each Railway or Transportation Company or Shipowner employed for the purpose, or to any special conditions required by them."

The argument is that, since clause 8 restricts the shipowner's responsibility to the time the passenger and his baggage are on board the ship, the limitation in clause 5 of the amount recoverable for damage to baggage should be restricted to the same period. See Mittlacher v. United Am. Lines, 233 Ill. App. 411. With this construction we cannot agree. The ticket evidences an agreement by the respondent to furnish transportation as a common carrier from Cherbourg to New York. The reasonable meaning is that transportation under the ticket contract begins at the dock at Cherbourg; and clause 8 is itself confirmatory of such an interpretation, for, after referring to transportation on the steamer, it mentions "all other transportation hereunder, including transportation by tender to or from the ocean steamship" Since the voyage commences with the transportation by tender, the respondent's liability as a common carrier also begins then. Bulkley v. Naumkeag Steam Cotton Co., 24 How. 386, 16 L. Ed. 599; The City of Alexandria, 28 F. 202 (C. C. N. Y.). Hence the language of clause 5 limiting the amount recoverable for baggage damage "for which the shipowner may be liable" is literally applicable to liability for damage occurring on the tender, while the first sentence of clause 8, if construed as an attempt to gain entire exemption from responsibility for that part of the voyage performed by tender, would be an unreasonable and void provision. The fact that the final sentence of clause 8 incorporates by reference the ordinary conditions of carriage or any special conditions required by the "shipowner (tender-owner) employed for the purpose" is immaterial to the present issue, as there was no proof that the tender of another owner was employed by the respondent or that conditions required by an employed tender owner would be inconsistent with the provisions of clause 5 interpreted as applying to damage occurring on the tender.

Relying upon Holmes v. North German Lloyd S. S. Co., 184 N. Y. 289, 77 N. E. 21, 5 L. R. A. (N. S.) 650, the libelant also contends that the limitation of clause 5 should be construed to apply only to baggage for the hold, not to cabin baggage. But numerous provisions of the ticket in the case at bar indicate that no such distinction is permissible.

 The respondent asks us to reverse the decree and dismiss the libel because it does not definitely appear whether the wetting occurred while the trunk was on the tender or while it was being moved from the railway train. Whether any recovery could be sustained against the respondent if the damage occurred while the trunk was being removed from the train to the tender, without proof that the respondent's agents had possession of it, we need not consider. The respondent took no appeal and assigned no error to the decree as rendered.

Decree affirmed.